UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RICHARD DAVID HEMSLEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>S.J. SHEEHAN, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-0352-WBS-EFB P<br><br>ORDER |

Plaintiff is a former federal pretrial detainee who was housed at the Sacramento County jail.[1] He is proceeding without counsel in a civil *Bivens* action and claims brought under 42 U.S.C. § 1983. He has filed an application for leave to proceed with this civil action in forma pauperis. ECF No. 2.

<u>Application to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, his request to proceed in forma pauperis is granted.

However, for the reasons stated below plaintiff's complaint must be dismissed with leave to amend.

---

[1] Plaintiff was convicted of a violation of 21 U.S.C. §§ 846 and 841(a)(1) and sentenced to time served in custody prior to his sentencing. *See United States v. Hemsley,* 2:13-cr-00300-GEB, ECF No. 462 at 2.

1

<u>Screening</u>

I. <u>Legal Standards</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

II. Analysis

Plaintiff's complaint is plainly deficient insofar as it attempts to bring multiple, unrelated claims against multiple defendants. Plaintiff alleges the following: (1) on April 5, 2017, defendant Sheehan, a U.S. Pretrial Services officer committed perjury, ECF No. 1 at 3; (2) on August 8, 2017, defendant Sheriff Smith of the Wayne Brown Correctional Facility "communicated medical information from a blood test," *id.* at 4. Plaintiff adds that "custody staff is currently serving copious quantities of soy based foods," causing skin irritations, *id.*; (3) on multiple occasions, the defendant chaplain "has refused to allow the kitchen at the Sacramento County Mail Jail to provide a vegan diet" in violation of "personal religious rights," *id.* at 5; and (4) defendant Nevada County Sheriff's Department refused to provide the court with information required for an application for leave to proceed in forma pauperis, *id.* at 6.

It is well settled that a claimant may not proceed with various unrelated claims against separate defendants:

> "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's claims encompass discrete events involving separate defendants at different facilities that are ill-suited to proceed in a single suit. Indeed, each subset of allegations poses entirely separate questions – both legally and factually – from the others.

3

1  Plaintiff's complaint will be dismissed with leave to amend.

Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607. Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted;
2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and
3. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: February 13, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE